IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:09CV23 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELIZABETH ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's December 14, 2009, request for appointment of counsel.  **See** Filing No. 25.  In an order dated August 24, 2009, the court denied the defendant's July 6, 2009, request for counsel.  **See** Filing No. 18.  As stated in the August 24, 2009, order, the court cannot routinely appoint counsel in civil cases.  The Eighth Circuit Court of Appeals explained:

> Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (internal quotation and citations omitted). The court finds appointment of counsel is not necessary at this time to enable the defendant to pursue her interests in this lawsuit.  Ms. Anderson will proceed *pro se* unless she retains legal counsel or counsel is appointed by the court at a later time.

Furthermore, while Ms. Anderson proceeds *pro se* she is required to communicate with the government's attorney about this case.  Specifically, Ms. Anderson is required to communicate with the government's attorney about scheduling, discovery, and other procedural and substantive matters, even if the parties do not agree about the resolution of the procedural or substantive matters.  Moreover, all parties, including parties proceeding pro se, are required to conform to the federal and local procedural rules, for example by filing any motions, briefs or other matter with the Clerk of Court.  **See** NECivR 7.0.1.  A party may obtain a copy of the local rules from the office of the Clerk of Court or

by accessing the local rules link on the court's Web site at www.ned.uscourts.gov. In this instances, the court directs the Clerk of Court to file the defendant's December 14, 2009, correspondence as a request for appointment of counsel. Additionally, the notebook of documents delivered by the defendant will be filed as an attachment to the motion and maintained in the office of the Clerk of Court. Upon consideration,

**IT IS ORDERED:**

1. The Clerk of Court shall file the defendant's December 14, 2009, correspondence as a request for appointment of counsel.

2. The Clerk of Court shall file the defendant's December 14, 2009, notebook of documents as an attachment, to be maintained in the office of the clerk of court, to the defendant's motion for request for appointment of counsel.

3. The defendant's December 14, 2009, request for appointment of counsel (Filing No. 25) is denied.

4. The Clerk of Court shall send a copy of this order to Ms. Anderson at her last known address:
   Elizabeth Anderson
   25 McHenry Road
   Chadron, NE 69337

DATED this 23rd day of December, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge